**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-7026

RODNEY A. KOON,

Plaintiff - Appellant,

v.

STATE OF NORTH CAROLINA; BRIAN K. WELLS,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:16-ct-03301-FL)

Submitted:  December 18, 2018                    Decided:  December 21, 2018

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Rodney A. Koon, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney A. Koon seeks to appeal the district court's order dismissing without prejudice his civil complaint in part as moot and in part for failure to state a claim, and a subsequent order denying his Fed. R. Civ. P. 59(e) motion to alter or amend judgment. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). Because Koon may remedy the identified deficiencies in his initial complaint through the filing of an amended complaint, we conclude that the dismissal of his complaint without prejudice is neither a final nor an appealable interlocutory or collateral order. *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

Accordingly, we dismiss the appeal for lack of jurisdiction and remand the case to the district court with instructions to allow Koon to file an amended complaint.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

---

[*] Although the district court denied Koon's motion to amend on the ground that his proposed amendment would be futile, the court left open the possibility that Koon could allege sufficient facts in support of his request for compensatory damages.